**E-FILED 12/28/09**

1  WILLARD K. TOM
   General Counsel
2
   LISA D. ROSENTHAL, Bar # 179486
3  KERRY O'BRIEN, Bar # 149264
   EVAN ROSE, Bar # 253478
4  Federal Trade Commission
   901 Market Street, Ste. 570
5  San Francisco, CA 94103
   (415) 848-5100 (voice)
6  (415) 848-5184 (fax)
   lrosenthal@ftc.gov
7  kobrien@ftc.gov
   erose@ftc.gov
8
   Attorneys for Plaintiff
9  Federal Trade Commission

10                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
11                        San Jose Division

12

13  FEDERAL TRADE COMMISSION,                  C 09 - 03815 PVT

14       Plaintiff,                                    STIPULATED FINAL
                                              JUDGMENT AND ORDER FOR
15       v.                                   PERMANENT INJUNCTION AND
                                              OTHER EQUITABLE RELIEF
16  VIRTUALWORKS, LLC, a/k/a Virtual Works,
    f/k/a Private Date Finder, also d/b/a EverPrivate
17  Card and Secret Cash Card,

18  JEROME "JERRY" KLEIN, individually and as
    an officer of VirtualWorks, LLC, and
19
    JOSHUA FINER, individually and as an officer
20  of VirtualWorks, LLC,

21       Defendants.

22

23

24        Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), has

25  contemporaneously filed a Complaint for Injunctive and Other Equitable Relief ("Complaint")

26  against Defendants in this matter pursuant to Sections 5 and 13(b) of the Federal Trade

27  Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b). The FTC and Defendants, by and

28  through their counsel, have agreed to settlement of this action without adjudication of any issue

**Stipulated Final Judgment and Order**

1    of fact or law, and without Defendants admitting any of the non-jurisdictional facts alleged in the

2    Complaint or liability for any of the violations alleged in the Complaint.  To resolve all matters

3    of dispute between them in this action, the FTC and Defendants hereby stipulate to the entry of,

4    and request the Court to enter, this Stipulated Final Judgment and Order for Permanent

5    Injunction and Other Equitable Relief ("Order").

6        **IT IS THEREFORE STIPULATED, AGREED, AND ORDERED as follows:**

7        1.      This Court has jurisdiction over the subject matter of this case and jurisdiction

8    over all parties pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a), and

9    1345;

10       2.      Venue in the Northern District of California is proper under 15 U.S.C. § 53(b)

11   and 28 U.S.C. § 1391(b) and (c);

12       3.      The acts and practices of Defendants were and are in or affecting commerce, as

13   defined in Section 4 of the FTC Act, 15 U.S.C. § 44;

14       4.      The Complaint states a claim upon which relief can be granted under Section 5(a)

15   of the FTC Act, 15 U.S.C. § 45(a), and the Commission has the authority to seek the relief it has

16   requested;

17       5.      Defendants have entered into this Order freely and without coercion, and

18   Defendants acknowledge that they have read the provisions of this Order and are prepared to

19   abide by them;

20       6.      The undersigned, individually and by and through their counsel, have agreed that

21   the entry of this Order resolves all matters of dispute between them arising from the Complaint

22   in this action, up to the date of entry of this Order;

23       7.      Defendants waive service of a summons and all rights to seek judicial review or

24   otherwise challenge or contest the validity of this Order.  Defendants also waive any claims that

25   they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the

26   prosecution of this action to the date of this Order;

27       8.      Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are

28   binding upon Defendants, and their officers, agents, servants, employees, attorneys, and all other

**Stipulated Final Judgment and Order**                                      **Page 2 of 18**

1    persons or entities in active concert or participation with them, who receive actual notice of this

2    Order by personal service or otherwise;

3         9.    This Order is remedial in nature and shall not be deemed or construed as a fine,

4    damages, penalty, or punitive assessment;

5         10.   Each party shall bear its own costs and attorneys' fees; and

6         11.   Entry of this Order is in the public interest.

7                                   **ORDER**

8                                **DEFINITIONS**

9    For purposes of this Order, the following definitions shall apply:

10   A.   **"Billing information"** means any data that enables any person to access a consumer's

11        account, including but not limited to a credit card, checking, savings, share or similar

12        account, utility bill, mortgage loan account, or debit card.

13   B.   **"Clearly and conspicuously"** means:

14        1.    In textual communications (e.g., printed publications or words displayed on the

15              screen of an electronic device), the disclosure shall be of a type size and location

16              sufficiently noticeable for an ordinary consumer to read and comprehend the

17              disclosure, in print that contrasts with the background on which it appears;

18        2.    In communications disseminated orally or through audible means (e.g., radio or

19              streaming audio), the disclosure shall be delivered in a volume and cadence

20              sufficient for an ordinary consumer to hear and comprehend the disclosure;

21        3.    In communications disseminated through video means (e.g., television or

22              streaming video), the disclosure shall be in writing in a form consistent with

23              subparagraph (1) of this definition and shall appear on the screen for a duration

24              sufficient for an ordinary consumer to read and comprehend the disclosure;

25        4.    In communications made through interactive media such as the Internet, online

26              services, and software:

27              a.    The disclosure shall be unavoidable and presented in a form consistent

28                    with subparagraph (1) of this definition in addition to any audio or video

**Stipulated Final Judgment and Order**                              **Page 3 of 18**

1    presentation of them; and

2    b.    "In close proximity" shall mean on the same webpage, online service

3         page, or other electronic page, and proximate to the triggering

4         representation, and shall not be accessed or displayed through hyperlinks,

5         pop-ups, interstitials, or other means;

6    5.    In communications that contain both audio and visual portions, the disclosure

7         shall be presented simultaneously in both the audio and visual portions of the

8         communication. *Provided, however*, that in any communication disseminated

9         solely through visual or audio means, the disclosure may be made through the

10        same means in which the communication is presented.

11   6.    In all instances, the disclosure shall be presented prior to the consumer incurring

12        any financial obligation, in an understandable language and syntax, and with

13        nothing contrary to, inconsistent with, or in mitigation of the disclosures used in

14        any communication with them.

15   C.   **"Corporate Defendant"** means VirtualWorks, LLC, a/k/a Virtual Works, f/k/a Private

16        Date Finder, also d/b/a EverPrivate Card and Secret Cash Card, and its successors and

17        assigns.

18   D.   **"Defendants"** means all of the Individual Defendants and the Corporate Defendant,

19        individually, collectively, or in any combination.

20   E.   **"Individual Defendants"** means Joshua Finer and Jerome "Jerry" Klein.

21   F.   **"Marketing Affiliate"** means any third party with which any Defendant has an

22        agreement under which:

23   1.    The Defendant agrees to pay a commission or other compensation to the

24        Marketing Affiliate because the Marketing Affiliate has driven or referred

25        customers or potential customers to the Defendant; or

26   2.    The Marketing Affiliate agrees to pay a commission or other compensation to the

27        Defendant because the Defendant has driven or referred customers or potential

28        customers to the Marketing Affiliate.

**Stipulated Final Judgment and Order**                                    **Page 4 of 18**

G.   **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

H.   **"Payment Card"** means any card that is backed by an account that holds or can hold funds belonging to the cardholder, or offers credit to the cardholder, including but not limited to a prepaid card, credit card, or debit card.

**I.**

## PROHIBITION AGAINST MAKING MISREPRESENTATIONS

**IT IS ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any sole proprietorship, partnership, limited liability company, corporation, subsidiary, branch, division, Marketing Affiliate, or other entity, in connection with the advertising, promoting, offering for sale, or sale of any Payment Card, loan, any financial product or service, or any other product or service, are hereby permanently restrained and enjoined from:

A.   Misrepresenting, or assisting others in misrepresenting, expressly or by implication,

    1.   That such product or service is a bonus, free, a gift, or without cost;

    2.   The cost or price of such product or service;

    3.   The consequences of submitting an application for any such product or service;

    4.   The method by which a consumer will be assessed a fee, charge, debit, or bill; and

    5.   Any other material fact; and

B.   Representing, in any manner, expressly or by implication, that such product or service is a bonus, free, a gift, or without cost, without disclosing clearly and conspicuously, and in close proximity to the representation, all material terms, conditions, and obligations relating to the receipt and retention of such product or service.

**II.**

## EXPRESS INFORMED CONSENT

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who

1   receive actual notice of this Order by personal service or otherwise, whether acting directly or

2   through any sole proprietorship, partnership, limited liability company, corporation, subsidiary,

3   branch, division, Marketing Affiliate, or other entity, in connection with the advertising,

4   promoting, offering for sale, or sale of any Payment Card, loan, any financial product or service,

5   or any other product or service, are hereby enjoined from directly or indirectly using billing

6   information to obtain payment from a consumer, unless, prior to using such billing information

7   to obtain payment:

8   A.   They request that the consumer indicate his or her assent to pay for the product or service

9        using a specified account;

10  B.   They disclose clearly and conspicuously and in close proximity to the request for the

11       consumer's indication of assent the following information:

12       1.   The specific billing information to be used;

13       2.   The amount to be paid;

14       3.   The method to be used to assess the payment;

15       4.   The entity on whose behalf the payment will be assessed; and

16       5.   All material restrictions, limitations, or conditions applicable to the purchase,

17            receipt, or use of the product or service that is the subject of the offer; and

18  C.   The consumer affirmatively indicates assent to pay for the product or service using the

19       specified account. In connection with communications made through interactive media

20       such as the Internet, online services, and software, the consumer must indicate such

21       assent by clicking on a button that is specifically labeled to convey such assent, or by

22       taking substantially similar affirmative action authorizing the transaction.

### III.

### MONITORING BY DEFENDANTS
### OF THEIR MARKETING AFFILIATES
### OR OTHER THIRD PARTIES

26       **IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants,

27  employees, and attorneys, whether acting directly or through any sole proprietorship,

28  partnership, limited liability company, corporation, subsidiary, branch, division, Marketing

1  Affiliate, or other entity, in connection with the advertising, promoting, offering for sale, or sale

2  of any Payment Card, loan, or any financial product or service shall take reasonable steps

3  sufficient to monitor and ensure that Defendants' Marketing Affiliates comply with the

4  requirements of Sections I and II of this Order.  Such steps shall include, at a minimum:

5  A.    Prior to accepting any prospective Marketing Affiliate, Defendants shall:

6       1.    Provide the Marketing Affiliate with a copy of this Order;

7       2.    Obtain a signed and dated acknowledgment from such Marketing Affiliate in

8             which the Marketing Affiliate:

9             a.    Acknowledges receipt of this Order;

10            b.    Expressly agrees to distribute a copy of the Order to the Marketing

11                  Affiliate's owners, managers, and division heads; and

12            c.    Expressly agrees to comply with the terms of Sections I and II; and

13      3.    Provide written notice to such Marketing Affiliate that failing to comply with the

14            terms of Sections I and II will result in immediate termination of Defendants'

15            agreement with the Marketing Affiliate;

16  B.    Within thirty (30) days of service of this Order upon Defendants, Defendants shall:

17      1.    Provide any existing Marketing Affiliate with a copy of this Order;

18      2.    Obtain a signed and dated acknowledgment from such Marketing Affiliate in

19            which the Marketing Affiliate:

20            a.    Acknowledges receipt of this Order;

21            b.    Expressly agrees to distribute a copy of the Order to the Marketing

22                  Affiliate's owners, managers, and division heads; and

23            c.    Expressly agrees to comply with the terms of Sections I and II; and

24      3.    Provide written notice to each existing Marketing Affiliate that failing to comply

25            with the terms of Sections I and II will result in immediate termination of

26            Defendants' agreement with the Marketing Affiliate and the forfeiture of all

27            monies earned or owed;

28            *Provided, however*, that if Defendants terminate a Marketing Affiliate within thirty (30)

**Stipulated Final Judgment and Order**                                    **Page 7 of 18**

1   days of service of this Order, Defendants shall not be required to satisfy the requirements

2   of this Subsection with respect to any such terminated Marketing Affiliate; and

3   C.   Defendants shall terminate, immediately, any Marketing Affiliate or other third party that

4   Defendants reasonably conclude has engaged in or is engaging in acts or practices

5   prohibited by this Order, whether directly or through another person or entity.

6   *Provided, however*, that this Section does not authorize or require Defendants to take any action

7   that violates any federal, state, or local law.

8                                            **IV.**

9                  **MONETARY JUDGMENT AND CONSUMER RESTITUTION**

10   **IT IS FURTHER ORDERED** that:

11   A.   Judgment in the amount of five million, four hundred fifty thousand, three hundred

12   sixty-seven dollars ($5,450,367) is hereby entered against Defendants VirtualWorks,

13   LLC, Joshua Finer, and Jerome Klein, jointly and severally, as equitable monetary relief,

14   in favor of the Commission; *provided, however*, that, until further Order of the Court

15   pursuant to the Section titled "Right to Re-open as to Monetary Judgment":

16        1.   This judgment shall be suspended against the Corporate Defendant and Defendant

17             Jerome Klein; and

18        2.   This judgment shall be suspended against Defendant Joshua Finer upon payment

19             to the FTC of fifty-two thousand dollars ($52,000). Within seven (7) business

20             days after receiving notice of the entry of this Final Order, Defendant Finer shall

21             pay to the Commission the sum of fifty-two thousand dollars ($52,000), by

22             electronic funds transfer or by certified check or other guaranteed funds made

23             payable to and delivered to the Commission.

24   B.   All funds paid to or received by the Commission pursuant to this Section shall be

25   deposited into a fund administered by the Commission or its agent. In the event that

26   direct restitution to consumers is wholly or partially impracticable or funds remain after

27   restitution is completed, the Commission may apply any remaining funds for such other

28   equitable relief (including consumer information remedies) as it determines to be

**Stipulated Final Judgment and Order**                                    **Page 8 of 18**

1  reasonably related to Defendants' practices as alleged in the Complaint. Any funds not

2  used for such equitable relief will be deposited with the United States Treasury as

3  disgorgement. Defendants shall have no right to challenge the Commission's choice of

4  remedies under this Section. Defendants shall have no right to contest the manner of

5  distribution chosen by the Commission.

6  C. Defendants relinquish all dominion, control, and title to the funds paid to the fullest

7  extent permitted by law. Defendants shall make no claim to or demand return of the

8  funds, directly or indirectly, through counsel or otherwise.

9  D. Defendants agree that the facts as alleged in the Complaint filed in this action shall be

10  taken as true without further proof in any bankruptcy case or subsequent civil litigation

11  pursued by the Commission to enforce its rights to any payment or money judgment

12  pursuant to this Order, including but not limited to a nondischargeability complaint in

13  any bankruptcy case. Defendants further stipulate and agree that the facts alleged in the

14  Complaint establish all elements necessary to sustain an action pursuant to, and that this

15  Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the

16  Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A).

17  ## V.

18  ## RIGHT TO RE-OPEN AS TO MONETARY JUDGMENT

19  **IT IS FURTHER ORDERED** that:

20  A. By agreeing to this Final Order:

21  1. Defendants reaffirm and attest to the truthfulness, accuracy, and completeness of

22  the financial statement that Corporate Defendant VirtualWorks, LLC provided to

23  the Commission on April 22, 2009, as modified May 6, 2009, and the supporting

24  documents Corporate Defendant VirtualWorks, LLC provided to the Commission

25  on April 22, 2009 and May 6, 2009.

26  2. Individual Defendant Jerome Klein reaffirms and attests to the truthfulness,

27  accuracy, and completeness of the financial statement that he provided to the

28  Commission on April 22, 2009, as modified May 5, 2009, and the supporting

**Stipulated Final Judgment and Order**                    **Page 9 of 18**

1  documents he provided to the Commission on April 22, 2009 and May 5, 2009.

2  3.  Individual Defendant Joshua Finer reaffirms and attests to the truthfulness,

3  accuracy, and completeness of the financial statement that he provided to the

4  Commission on April 22, 2009, as modified May 6, 2009, May 14, 2009, May 21,

5  2009, and May 28, 2009, and the supporting documents he provided to the

6  Commission on April 22, 2009, May 6, 2009, May 14, 2009, May 19, 2009, May

7  21, 2009, and May 28, 2009.

8  B.  This Court's Final Order, and the FTC's agreement to enter into this Final Order, is

9  expressly premised upon the truthfulness, accuracy, and completeness of Defendants'

10  financial conditions, as represented in the documents referenced in Subsection A of this

11  Section ("Financial Statements"), all of which contain material information upon which

12  the Commission relied in negotiating and agreeing to the terms of this Final Order.

13  C.  If, upon motion by the FTC, this Court should find that one or more Defendant failed to

14  disclose any material asset, or materially misrepresented the value of any asset, or made

15  any other material misrepresentation in or omission from the Financial Statements, the

16  Court shall reinstate the suspended judgment against such Defendant, in favor of the

17  Commission, in the amount of five million, four hundred fifty thousand, three hundred

18  sixty-seven dollars ($5,450,367), less any payments made to the Commission, plus

19  interest from the entry date of this Final Order, pursuant to 28 U.S.C. § 1961. ***Provided,***

20  ***however,*** that in all other respects, this Final Order shall remain in full force and effect

21  unless otherwise ordered by the Court.

22  **VI.**

23  **COMPLIANCE MONITORING**

24  **IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating

25  compliance with any provision of this Order, and (ii) investigating the accuracy of any

26  Defendants' financial statements upon which the Commission's agreement to this Order is

27  expressly premised:

28  A.  Within ten (10) days of receipt of written notice from a representative of the

**Stipulated Final Judgment and Order**                                     **Page 10 of 18**

Commission, Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

B.  In addition, the Commission is authorized to use all other lawful means, including but not limited to:

    1.  Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

    2.  Posing as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C.  Defendants each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

***Provided, however***, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

**VII.**

**COMPLIANCE REPORTING BY DEFENDANTS**

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.  For a period of five (5) years from the date of entry of this Order,

    1.  Each Individual Defendant shall notify the Commission of the following:

        a.  Any changes in such Defendant's residence, mailing addresses, and

**Stipulated Final Judgment and Order**                                **Page 11 of 18**

1    telephone numbers, within ten (10) days of the date of such change;

2    b.    Any changes in such Defendant's employment status (including

3          self-employment), and any change in such Defendant's ownership in any

4          business entity, within ten (10) days of the date of such change.  Such

5          notice shall include the name and address of each business that such

6          Defendant is affiliated with, employed by, creates or forms, or performs

7          services for; a detailed description of the nature of the business; and a

8          detailed description of such Defendant's duties and responsibilities in

9          connection with the business or employment; and

10    c.    Any changes in such Defendant's name or use of any aliases or fictitious

11          names;

12    2.    Defendants shall notify the Commission of any changes in structure of the

13          Corporate Defendant or any business entity that any Defendant directly or

14          indirectly controls, or has an ownership interest in, that may affect compliance

15          obligations arising under this Order, including but not limited to:  incorporation or

16          other organization; a dissolution, assignment, sale, merger, or other action; the

17          creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts

18          or practices subject to this Order; or a change in the business name or address, at

19          least thirty (30) days prior to such change, ***provided*** that, with respect to any

20          proposed change in the business entity about which a Defendant learns less than

21          thirty (30) days prior to the date such action is to take place, such Defendant shall

22          notify the Commission as soon as is practicable after obtaining such knowledge.

23    B.    One hundred eighty (180) days after the date of entry of this Order and annually

24          thereafter for a period of five (5) years, Defendants each shall provide a written report to

25          the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth

26          in detail the manner and form in which they have complied and are complying with this

27          Order.  This report shall include, but not be limited to:

28    1.    For each Individual Defendant:

**Stipulated Final Judgment and Order**                          **Page 12 of 18**

1        a.     Such Defendant's then-current residence address, mailing addresses, and

2               telephone numbers;

3        b.     Such Defendant's then-current employment status (including

4               self-employment), including the name, addresses, and telephone numbers

5               of each business that such Defendant is affiliated with, employed by, or

6               performs services for; a detailed description of the nature of the business;

7               and a detailed description of such Defendant's duties and responsibilities

8               in connection with the business or employment; and

9        c.     Any other changes required to be reported under Subsection A of this

10              Section.

11     2.    For all Defendants:

12        a.     A copy of each acknowledgment of receipt of this Order, obtained

13              pursuant to the Section titled "Distribution of Order;" and

14        b.     Any other changes required to be reported under Subsection A of this

15              Section.

16  C.    Each Defendant shall notify the Commission of the filing of a bankruptcy petition by

17        such Defendant within fifteen (15) days of filing.

18  D.    For the purposes of this Order, Defendants shall, unless otherwise directed by the

19        Commission's authorized representatives, send by overnight courier all reports and

20        notifications required by this Order to the Commission, to the following address:

21              Associate Director for Enforcement

22              Federal Trade Commission

23              600 Pennsylvania Avenue, N.W., Room NJ-2122

24              Washington, D.C. 20580

25              RE: *FTC v. VirtualWorks, LLC, et al.*

26     ***Provided*** that, in lieu of overnight courier, Defendants may send such reports or

27     notifications by first-class mail, but only if Defendants contemporaneously send an

28     electronic version of such report or notification to the Commission at: *DEBrief@ftc.gov.*

**Stipulated Final Judgment and Order**                            **Page 13 of 18**

1    E.       For purposes of the compliance reporting and monitoring required by this Order, the

2             Commission is authorized to communicate directly with each Defendant.

3                                                    **VIII.**

4                                **RECORD KEEPING PROVISIONS**

5             **IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry

6    of this Order, in connection with online marketing, Defendants and their agents, employees,

7    officers, corporations, and those persons in active concert or participation with them who receive

8    actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined

9    from failing to create and retain the following records:

10   A.       Accounting records that reflect the cost of goods or services sold, revenues generated,

11            and the disbursement of such revenues;

12   B.       Personnel records accurately reflecting:  the name, address, and telephone number of

13            each person employed in any capacity by such business, including as an independent

14            contractor; that person's job title or position; the date upon which the person commenced

15            work; and the date and reason for the person's termination, if applicable;

16   C.       Customer files containing the names, addresses, phone numbers, dollar amounts paid,

17            quantity of items or services purchased, and description of items or services purchased, to

18            the extent such information is obtained in the ordinary course of business;

19   D.       Complaints and refund requests (whether received directly, indirectly, or through any

20            third party) and any responses to those complaints or requests;

21   E.       Copies of all sales scripts, training materials, advertisements, or other marketing

22            materials;

23   F.       Documents sufficient to demonstrate the experience of consumers on each materially

24            different version of each website on which Defendants, whether acting directly or

25            through any sole proprietorship, partnership, limited liability company, corporation,

26            subsidiary, branch, division, Marketing Affiliate, or other entity, advertise, promote,

27            market, offer for sale, sell, or provide products or services, including, as necessary:

28            1.       Screenshots or screen capture recordings of such websites;

**Stipulated Final Judgment and Order**                                    **Page 14 of 18**

2.  Source code or log files for such websites; and

3.  Other documents related to the design and functioning of such websites, including but not limited to feature descriptions, programmer documentation, developer's guides, specification documents, and version histories; and

G.  All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## IX.

## DISTRIBUTION OF ORDER BY DEFENDANT(S)

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.  Corporate Defendant: The Corporate Defendant must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.  Individual Defendant as Control Person:  For any business that an Individual Defendant controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3)

**Stipulated Final Judgment and Order**                                                **Page 15 of 18**

1     any business entity resulting from any change in structure set forth in Subsection A.2 of

2     the Section titled "Compliance Reporting."  For current personnel, delivery shall be

3     within five (5) days of service of this Order upon such Defendant.  For new personnel,

4     delivery shall occur prior to them assuming their responsibilities.  For any business entity

5     resulting from any change in structure set forth in Subsection A.2 of the Section titled

6     "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in

7     structure.

8  C.  Individual Defendant as employee or non-control person:  For any business where an

9     Individual Defendant is not a controlling person of a business but otherwise engages in

10    conduct related to the subject matter of this Order, such Defendant must deliver a copy of

11    this Order to all principals and managers of such business before engaging in such

12    conduct.

13 D.  Defendants must secure a signed and dated statement acknowledging receipt of the

14    Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order

15    pursuant to this Section.

16                                              **X.**

17           **ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT(S)**

18           **IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of

19    receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn

20    statement acknowledging receipt of this Order.

21                                             **XI.**

22                        **COOPERATION WITH FTC COUNSEL**

23           **IT IS FURTHER ORDERED** that Defendants shall, in connection with this action or

24    any subsequent investigations related to or associated with the transactions or the occurrences

25    that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear, or,

26    in the case of the Corporate Defendant, cause its officers, employees, representatives, or agents

27    to appear, at such places and times as the FTC shall reasonably request, after written notice, for

28    interviews, conferences, pretrial discovery, review of documents, and for such other matters as

**Stipulated Final Judgment and Order**                        **Page 16 of 18**

1   may be reasonably requested by the FTC.  If requested in writing by the FTC, the Individual

2   Defendants shall appear, or, in the case of the Corporate Defendant, cause its officers,

3   employees, representatives, or agents to appear, and provide truthful testimony in any trial,

4   deposition, or other proceeding related to or associated with the transactions or the occurrences

5   that are the subject of the Complaint, without the service of a subpoena.

6                                   **XII.**

7                        **RETENTION OF JURISDICTION**

8        **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

9   purposes of construction, modification, and enforcement of this Order.

10

11       **IT IS SO ORDERED,** this 28th day of _ December          , 2009.

12

13

14                     UNITED STATES Magistrate  JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Stipulated Final Judgment and Order**                          **Page 17 of 18**

1

**SO STIPULATED:**

2

DAVID C. SHONKA
Acting General Counsel

3

4

JEFFREY A. KLURFELD
Regional Director

VIRTUALWORKS, LLC
By: Jerome Klein, President

5

Dated: _____

6

7

8

LISA D. ROSENTHAL
KERRY O'BRIEN
EVAN ROSE

JOSHUA FINER
Individually, and as an officer of
VirtualWorks, LLC

9

Federal Trade Commission
901 Market Street, Ste. 570

10

San Francisco, CA 94103
(415) 848-5150 (voice)

Dated: _____

11

(415) 848-5184 (fax)

12

Dated: 8/18/09 _____

JEROME KLEIN
Individually, and as an officer of
VirtualWorks, LLC

13

ATTORNEYS FOR PLAINTIFF

14

Dated: _____

15

16

17

JAMIE HARRIS, ESQ.
Attorney for Defendant VirtualWorks, LLC

18

Dated: _____

19

20

21

22

23

24

25

26

27

28

1   **SO STIPULATED:**

2   DAVID C. SHONKA
    Acting General Counsel
3
                                        VIRTUALWORKS, LLC
4   JEFFREY A. KLURFELD                  By: Jerome Klein, President
    Regional Director
5                                       Dated: _____

6

7
    LISA D. ROSENTHAL                    JOSHUA FINER
8   KERRY O'BRIEN                        Individually, and as an officer of
    EVAN ROSE                            VirtualWorks, LLC
9   Federal Trade Commission
    901 Market Street, Ste. 570         Dated: _____
10  San Francisco, CA  94103
    (415) 848-5150 (voice)
11  (415) 848-5184 (fax)

12  Dated: _____            JEROME KLEIN
                                        Individually, and as an officer of
13  ATTORNEYS FOR PLAINTIFF             VirtualWorks, LLC

14                                      Dated: _____

15

16                                      _Jamie Harris_

17                                      JAMIE HARRIS, ESQ.
                                        Attorney for Defendant VirtualWorks, LLC
18                                      Dated: 5·29·2009

19

20

21

22

23

24

25

26

27

28

**Stipulated Final Judgment and Order**                    **Page 18 of 18**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SO STIPULATED:**

DAVID C. SHONKA
Acting General Counsel

JEFFREY A. KLURFELD
Regional Director

_____
VIRTUALWORKS, LLC
By: Jerome Klein, President

Dated: 5.29.09

_____
LISA D. ROSENTHAL
KERRY O'BRIEN
EVAN ROSE
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA 94103
(415) 848-5150 (voice)
(415) 848-5184 (fax)

Dated: _____

ATTORNEYS FOR PLAINTIFF

_____
JOSHUA FINER
Individually, and as an officer of
VirtualWorks, LLC

Dated: _____

_____
JEROME KLEIN
Individually, and as an officer of
VirtualWorks, LLC

Dated: 5.29.09

_____
JAMIE HARRIS, ESQ.
Attorney for Defendant VirtualWorks, LLC

Dated: _____

**Stipulated Final Judgment and Order**                                    **Page 18 of 18**

**SO STIPULATED:**

DAVID C. SHONKA
Acting General Counsel

JEFFREY A. KLURFELD
Regional Director

VIRTUALWORKS, LLC
By: Jerome Klein, President

Dated: _____

_____
JOSHUA FINER            Exec VP/CTO
Individually, and as an officer of
VirtualWorks, LLC

Dated: 5/29/09

_____
LISA D. ROSENTHAL
KERRY O'BRIEN
EVAN ROSE
Federal Trade Commission
901 Market Street, Ste. 570
San Francisco, CA 94103
(415) 848-5150 (voice)
(415) 848-5184 (fax)

Dated: _____

ATTORNEYS FOR PLAINTIFF

_____
JEROME KLEIN
Individually, and as an officer of
VirtualWorks, LLC

Dated: _____

_____
JAMIE HARRIS, ESQ.
Attorney for Defendant VirtualWorks, LLC

Dated: _____

Stipulated Final Judgment and Order                    Page 18 of 18